Overton Judge.
The court must act upon the contracts of men as made; they cannot make or modify those contracts.
*44 If the constitution had not prohibited the legislature from passing any law, impairing the obligation of contracts, I should think such acts unwise, as being bottomed on unsound principles; I have no doubt of the sense in which it is used in the constitution, and upon that ground this court ought not to do any thing, which may impair the force or obligation of a contract. This being a constitutional objection it may be necessary to consider the strength of it. In what does the obligation of a contract consist? surely it derives its obligatory force from being mutual, and that each party shall be obliged to do what was contracted to be done. Where a consideration is the ground of a contract, that consideration should be executed, so as to make it obligatory on the other party in this court.
This court has always interfered, where the contract has lost its force; when the ground upon which it rested was removed. Where the contract is mutual, and its obligatory force continues to exist, this court will act on that basis, but when its obligation is lost by adventitious circumstances, this court will so consider it and act accordingly.
It has been contended that this article contains independent and mutual covenants, that it has been so decided, that this court cannot interpose, but must leave the parties to their remedies at law upon the independency of the covenant; and upon this principle that the defendant might have obtained a decree for a specific performance against the plaintiff, without shewing a performance on his part. This is not correct as it strikes me. This argument is predicated upon a supposition, that the covenant on the part of the defendant, was all the plaintiff contracted for; it will not bear the test of examination in a court of equity, which considers the substance, and not the form of contracts. In the consideration of this court, it were more proper to view the covenant on the part of the defendant, as being entered into, on account of its being the mean of attaining the substance of the contract, the conveyance of the land &c., and not as an actual conveyance or perfo *45 rmance. It is this which this court will ever keep in its eye.
It is said, that this court cannot interpose, for in doing this, they must set aside the contract which they cannot do on account of adventitious circumstances where it was fair in its origin. It appears to me that a court of equity cannot set aside a contract under these circumstances, but they can and have interposed upon another ground, that the contract to be obligatory, ought to be mutual, when it looses this reciprocity it looses its obligatory force.
In principle no difference can exist between an application to this court for a perpetual injunction and for a specific performance. Courts of equity seldom think themselves authorised to decree a specific performance, unless in cases where damages could be recovered at law. If the defendant is entitled to damages from the plaintiff for not performing his covenant, he would in the view of this court be entitled to a specific performance, the land itself; and if not entitled to that, the defendant should not possess himself of the damages found by the jury, which is the value of the land, and its substitute.—In equity, justice and conscience, there is not any distinction.
But performance on the part of the defendant by inference is insisted on. The answer states that the plaintiff sold his claim to John Amis for 250l. which we must take as true, not having been disproved.
For my own part, I cannot consider any act of the plaintiff, as being equivalent to a performance on the part of the defendant; unless it were acts of the plaintiff which would incapacitate the defendant from peforming. Any sale which the plaintiff could make to Amis ought not to exonerate the defendant from the performance of his contract. It should appear that he did what he contracted to do; convey the land or pay the value of it; a contract between third persons, ought not to affect this; if this were the case, nothing would be more common in courts of *46 justice than to see the investigation of one cause involve in its vortex ten or a dozen, or all contracts which could be made to bear any relation to the matter in dispute. If the plaintiff sold to Amis, the most favorable light in which it can be viewed, for the defendant, is, that it placed Amis in the shoes of the plaintiff, as to the defendant: If so, the defendant ought to shew a conveyance to Amis, this he has not done. But it is said that Amis took Hamlin’s claim at his own risque; this was nothing to the performance of the defendant’s part of the contract. If Amis purchased a bubble it was a matter between him and the plaintiff, and for any deviation in this contract he must be responsible to Amis. It does not appear that the defendant ever had any title to this 200 acres of land which he contracted to convey. It is true that the contract provides an equivalent for the land in case of the defendant’s in capacity to convey, being 200l. Virginia currency, but the answer does not assert that this or any part of it, has been paid, so that it appears that no part of the purchase money has been paid, but only an incidental obligation discharged, the payment of 53l. for rent. This, however has been refunded, or the defendant is in a capacity of getting it by the dissolution of the injunction.
The present or former circumstances of the lands contracted to be conveyed on either side, cannot be taken into consideration by the court. Whether either or both of the tracts have risen or fallen in value, is not material to a rightful determination. The court will presume an adequate consideration, unless the contrary appear in a manner which the law will authorise.
In common extra judicial parlance, one person may be said to get the advantage of another in a contract; But when a contract is fair, this court possesses no legal means of knowing this inequality, and therefore the idea of depriving a party to a contract, of any advantage which he may have acquired over the other party cannot be conceived.*
*47 It does not appear from this transaction, that the rent was intended to be a substitute for the interest, but rather a stipulated incident of the principal part of the contract—the conveyance of the 200 acres of land or its substitue 200l.
The objection which has been raised against the claim of the defendant to the 200 acres of land, from the incumbrance of the sheriff’s sale has no weight with me. The sheriff could sell no greater interest than the defendant possessed ; a purchaser under that sale must take it subject to all antecedent claims, either legal or equitable.
Upon looking into the bill, it does not appear that the allegation of the insolvency of the defendant is merely by inference as contended, but an independent substantial charge upon which the plaintiff grounds his case. The evidence proves to the satisfaction of my mind, that the defendant is insolvent, that he has never conveyed the land he contracted to convey nor paid the 200l. Virginia currency, its agreed equivalent; and that he is perfectly incapable of doing it Seeing that the plaintiff has restored by a dissolution of the injunction, all that he had received of the defendant for the rent. I am of opinion, that the parties should be placed in statu quo, and that the injunction, for the balance should be made perpetual. Vide 5. East. Reports 452. 2 Com. Cent. 56. 5, Esp. Rep. 449. Doug. 654. Camp. Rep. 472. Wils. ed. Bac. Ab. 109 N.
Campbell, judge:
was inclined to think that the plaintiff was not entitled to any relief in this court, but took time to advise.
White Judge.
It is not usual to perceive but two sides to a cause, but this seems to strike me in a different point of view, from that in which it has been considered by the other members of the court.
There is no doubt but this was a fair contract when it was made, and it seems to me that it ought to be considered as having all the obligation origi *48 nally attached to it. If the defendant made an advantageous bargain, he ought to have the benefit of it. When the contract was made, it was in the contemplation of the parties, that there would be a risque in the defendant's getting a right to the 200 acres, which he was to convey, for it was provided that in case he should not, he was to pay 200l in lieu of the land
It was determined in this court, that the covenants in the article were independent, but I do not see that this can bear upon the decision of this cause.
The allegation in the bill respecting the insolvency of the defendant appears to be a substantial charge and not by inference from what had been previously charged as to the dismission of the bill. This court must take the contract as it stands, and cannot take into view any alteration of the value of the property exchanged.
Upon a former occasion I was inclined to think that a sheriff’s sale of a legal right, would convey the property free from any equitable incumbrances, but upon further consideration, and looking into the books, it has since appeared differently to me, and that such sale can convey no greater right than the individual held. vid. Amb. 724. 1 Bro. C. C. 302.
Proof having been exhibited respecting the incapacity of the defendant to perform his part of the contract, I am of opinion that the contract should be adjusted by adding the amount of rent to the 200l. Virginia currency and interest thereon from the time the suit of Berry against Amis was dismissed until the injunction in this case was granted, deducting out of this sum the amount of rent paid by the defendant to the plaintiff, and that the balance be applied as a credit for the plaintiff against the judgment obtained by the defendant at law for $2000, and after deducting this credit, that the injunction be dissolved for the balance.
Campbell judge:
The next day gave his opinion *49 in conformity with that delivered by White, Judge, whereupon a decree was drawn and passed, making the injunction perpetual for $1314 41 3 4 cents, which together with the sum of $178 75 cents, the amount of rent paid by the defendant to the plaintiff, for which the injunction had been formerly dissolved, and the money paid, making an aggregate sum of $1493 16 2-3 cents; this last sum deducted from $2000, the amount of the judgment recovered at law, leaves a balance of $506 831-3 cents, for which the injunction is now dissolved; so that the defendant may recover this sum upon the judgment at law.

 A purchaser is not entitled to any compensation for the fancied goodness of his bargain which he may suppose he has lost. Sugd. 151 and authorities there referred to.