Per Curiam.
Patrick Campbell purchased of Willie Blount certain lands, part of which he sold to Freel, and entered into articles with him, providing against the event of eviction by elder or better title, and engaging to return the property which he got for the land, or other property in lieu of it. The land was recovered of Freel by better title; and then Patrick Campbell died, and Terence Campbell is his administrator. This bill does not seek an account of assets. But the defendant pleaded fully administered, * except about $ 160, which he says he ought to be allowed to retain for his services as administrator. Patrick Campbell made an agreement with George W. Campbell for him, George W. Campbell, to pay for and have part of these lands purchased of Blount, which was before the sale to Freel; and afterwards, agreeably to this agreement, written articles were sealed and executed between them. George W. Campbell was told of this sale by Patrick Campbell. He did not give a power of attorney to Patrick Campbell. It was not needful, says the answer, because the legal estate was in him. George W. Campbell received one *63 half of the purchase money. It is to be inferred from all this, that George W. Campbell was interested by contract, though not by conveyance or articles, in those lands ; at the time of the sale approved of it and ratified it, and his ratification was equal to a previous command or authority given to Patrick Campbell to make the sale and enter into the articles. And now, it is to be considered, whether Geoi’ge W. Campbell be liable at all to Freel. It cannot be said that Freel ought to claim satisfaction of him, for in the formation of these articles he has been content to rely upon the stipulations contained therein, and upon the responsibility of Patrick Campbell. And it is not perceived upon what principle he can now extend his reliance to another person or fund. If a purchaser agrees to take the conveyance of B, and to rest upon the warrant or covenant of his agent A, shall he be allowed afterwards to implicate B in that covenant, and to demand the performance of it from him ? It is conceived that he cannot. Can George W. Campbell be affected at law by these articles ? He is not named in them. He neither signed nor sealed them. He cannot be subjected to an action upon them. Can these articles be made to extend to him in equity ? If it were meant when the articles were drawn, that he should be bound by them, and by * fraud they were so drawn as to leave him unbound, or if by mistake, perhaps, any other material thing were omitted, then equity would cause the contract to have the same operation and effect which it was intended to have. But it does not appear here that any such' mistake has occurred, or that the articles are in any respect variant from what was intended. George W. Campbell cannot be affected by these articles, either in law or equity. Can he be affected as a person who hath sold and conveyed half the lands, and received half the purchase money? This goes upon the ground of failure of consideration. We have lately decreed, and no inaccuracy is yet perceived in that decision, that the vendor cannot be made to return the purchase money, unless he knew at the time of sale of a defect of title which the vendee had not heard of, and yet represented that his title was good. That was not the case in this instance. It appears by the articles, that such a defect was seen and provided against by the vendee. 1 Fonb. 371. George W. Campbell is not liable on the ground of partnership. A dormant partner is liable, because he takes part of the profits, which are part of the *64 fund the creditor looked to for satisfaction of his demand. Watson, 25. Here the vendee looked to the personal responsibility of Patrick Campbell. George W. Campbell cannot be reached under the notion of specific performance. The land was conveyed, the vendee could not call for specific performance; the money was paid, the vendee could not call for it, and if he were bound by the covenant in question, which he is not, there cannot be a specific performance of a covenant to pay damages. The remedy at law is sufficient, and there it must be had. This bill, therefore, cannot be sustained as to George W. Campbell.
How is it as to the administrator of Patrick Campbell ? There is a clear remedy at law against his intestate. The assessment of damages for a breach belongs to a jury. The ascertainment of the * fact, whether the articles were executed, or whether a performance on the part of Patrick Campbell has taken place, as clearly belongs to them. We ought not to take it from this tribunal, to be tried by judges in equity, but for very substantial reasons, showing, that without such interference, justice will be unattained. No such reason exists here unless it be that an account of assets is needful; when a plaintiff who can have relief at law is yet without remedy, unless he can arrive at the knowledge of assets, and the quantity thereof, then this court will aid him, and will direct such account to be taken, and will decree upon it when taken, instead of sending him to law. 1 Vern. 308; 1 P. W. 672; 1 Stra. 404; 1 Fonb. 12. Such account is not prayed in this bill, nor any difficulty suggested in relation to assets. Therefore there is no reason for leaving the common law tribunals.

Dismiss the bill.

See, as to discovery, Pearl v. Corporation of Nashville, 10 Yer. 179. As to defect of title, Hamlin v. Berry, 1 Tenn. 39; Maury v. Porter, 3 Hum. 347; King’s Digest 185, 2036, 2037, 2741, 2883, 4115.